UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SANDFORD COHEN,

               Plaintiff,

   -against-

TINA M. STANFORD, ESQ., in her official
Capacity as Chairwoman of the New York Board
Of Parole; ANTHONY ANNUCCI, in his official
Capacity as Acting Commissioner of the
Department of Corrections and Community
Supervision,

               Defendants.

Case No. _____ CV_____

MEMORANDUM OF LAW IN
SUPPORT OF MOTION
TO SUE UNDER PSEUDONYM
and TO PERMIT FILING OF
EXHIBITS WITH PLAINTIFF'S
PROPER NAME UNDER SEAL

------------------------------------------------------------x

MEMORANDUM OF LAW

REQUEST TO PROCEED UNDER A PSEUDONYM

LEGAL STANDARD[1]:

"Rule 10(a) of the Federal Rules of Civil Procedure provides that 'the title of the complaint must name all the parties.' Fed. R. Civ. P. 10. Rule 17 further states that every action shall be prosecuted in the name of the real party in interest. Fed. R. Civ. P. 17. 'Identifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts.' Doe v. Blue Cross & Blue Shield United, 112 F.3d 869, 872 (7th

---

[1] The legal standard is quoted from Doe v. St. Vincent's Servs., 2021 U.S. Dist. LEXIS 256918 (EDNY September 27, 2021, Decided; September 29, 2021, Filed 20-CV-6215 (WFK) (RML)); and S.X.M. v. Fed. Bureau of Prison, 2022 U.S. Dist. Lexis 231937 (12/27/22) 22Civ10538 (KPF).

Cir. 1997) (Posner, J.). However, there are exceptions to this general rule 'when the party's need for anonymity outweighs [1] prejudice to the opposing party and [2] the public's interest in knowing the party's identity.' *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (quoting *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000)). 'Plaintiffs seeking anonymity must base their allegations about these competing interests on more than just mere speculation.' *Doe v. Weinstein*, 484 F. Supp. 3d 90, 93 (S.D.N.Y. 2020) (Carter, J.) [ ]. When considering applications to proceed anonymously, Courts in the Second Circuit look to a list of "non-exhaustive" factors, including:

(1) whether the litigation involves matters that are highly sensitive and personal in nature (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative

mechanisms for protecting the confidentiality of the plaintiff. *Sealed Plaintiff* 537 F.3d at 189-90 (the "*Sealed Plaintiff* factors") [ ]. 'Because of the fact-intensive nature of this inquiry, district courts have discretion in deciding whether to grant or deny a motion to proceed under a pseudonym.' *United States v. UCB, Inc.*, 14-CV-2218, 2017 U.S. Dist. LEXIS 30725, 2017 WL 838198, at *4 (S.D.N.Y. Mar. 3, 2017) (Griesa, J.) (citing *Sealed Plaintiffs* 537 F.3d at 189)." See, Doe v. St. Vincent's Servs., 2021 U.S. Dist. LEXIS 256918 (EDNY September 27, 2021, Decided; September 29, 2021, Filed 20-CV-6215 (WFK) (RML)); and S.X.M. v. Fed. Bureau of Prison, 2022 U.S. Dist. Lexis 231937 (12/27/22) 22Civ10538 (KPF).

**DISCUSSION**

The Court must balance the relevant *Sealed Plaintiff* factors. Id.  Plaintiff's interest in anonymity is significant. Plaintiff is a 61 year old business person convicted of a New York State Penal Code offense which resulted in a prison sentence, and registration as a sex offender. Plaintiff is on parole under the supervision of the defendants. He is the father of two young adults who live in the family home and has a spouse who is also a business person in our community. The factors to be considered follow with plaintiff's submission as to each for the ease of the Court's review:

Factor 1: *whether the litigation involves matters that are highly sensitive and of a personal nature.*  Whilst plaintiff's conviction and SORA registration are public matters, the further emphasis of his status is detrimental to his efforts to re-matriculate into the community without further ire, rebuke and discrimination. Plaintiff submits this factor weighs in favor of anonymity.

Factor 2: *The identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously, or even more critically, to innocent non-parties.* Plaintiff has fully taken responsibility for his criminal actions and continues to abide by all directives resultant of his conviction and registration status. However, this suit is necessary as after having exhausted his administrative remedies and counsel having attempted a meet and confer with defendants, plaintiff's constitutional rights are impacted. Plaintiff has innocent non-parties related to him: young adult children, a rather unique name, a professional spouse and plaintiff himself is trying to re-establish himself professionally. Plaintiff submits this factor weighs in his favor to protect his innocent family members from ridicule, embarrassment and ostracization and to assist him in moving past his transgressions and resuming his place in the community as a professional and contributing community member.

Factor 3: *whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of plaintiff's identity.* The identification presents the harms highlighted as factor 2. Plaintiff submits the severity of the harm to his family and ability to matriculate back into the community are significant. The identification litigated against will be known to defendants, the danger is the continuation of the violation of plaintiff's constitutional rights and the failure of defendants to properly manage a citizen under their auspices in accord with New York State Law and defendants' own directives. Plaintiff submits that this factor weighs in favor of anonymity.

Factor 4: *whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age.* Plaintiff is sixty one years old; the factor of age is relevant to this equation as a person trying to maintain work and participation in community without further ostracization.

8

Factor 5: *whether the suit is challenging the actions of the government or that of private parties*. The suit is against governmental entities for violations against a citizen under defendants' supervision. Courts are more inclined to grant the motion when the suit is challenging actions of a government or governmental body. Paraphrasing, *Doe v. Weinstein*, 484 F. Supp. 3d 90, 96 (S.D.N.Y. 2020) (Carter, J.). Plaintiff submits this factor weighs in favor of anonymity.

Factor 6: *whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court*. It is submitted that there is no prejudice to the defendants to permit this plaintiff to proceed anonymously. Defendants' are aware of plaintiff, for he is their supervisee and all of the issues in this suit have been previously presented to defendants via administrative appeals and counsel's attempt to meet and confer. The issue of the individuality of this plaintiff is to protect the plaintiff and his family from further community ostracization and rebuke. Plaintiff submits this factor weighs in favor of anonymity.

Factor 7: *whether the plaintiff's identity has thus far been kept confidential. There has been no public revelation of plaintiff's identity.* All of plaintiff's contact with defendants has been through defendants' internal procedural directives. Plaintiff submits this factor weighs in favor of anonymity.

Factor 8: *whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity*. Herein there is no public interest in the individuality of this plaintiff. The public concern in this matter is for the breaches of a citizen's rights, thus this

9

individual is a representative of a group of persons factually similarly situated. Plaintiff's identity is fungible to the public perception of this matter. Plaintiff submits this factor weighs in favor of anonymity.

Factor 9: *whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities.* This factor is squarely on point with the plaintiff's request for anonymity. The issues of this suit involve governmental entities in violation of the constitutional rights of a citizen under their supervision; violation by governmental entities of state law and of their own directives. The legal nature of the issues is important to many similarly situated citizens and the specific identity of plaintiff is not core to the public interest only his factual context. Plaintiff submits this factor weighs in favor of anonymity.

Factor 10: *whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.* Counsel's only suggestions for protecting the confidentiality of plaintiff still requires aspects of anonymity that would be the use of only his common last name without his uncommon first name. The concern, however, for plaintiff's innocent family however remains. Plaintiff submits this factor weighs in favor of anonymity.

In S.X.M. v. Fed. Bureau of Prison, 2022 U.S. Dist. Lexis 231937 (12/27/22) 22Civ10538 (KPF) plaintiff was a cooperating government witness, the court after an evaluation of the factors granted the use of a pseudonym in that there was a significant threat to that plaintiff's safety.

In Doe v. St. Vincent's Servs., 2021 U.S. Dist. LEXIS 256918 (EDNY September 27, 2021, Decided; September 29, 2021, Filed 20-CV-6215 (WFK) (RML)) the plaintiff was concerned about exposure regarding their HIV status and granted the use of a pseudonym due to a number of factors weighted to anonymity including the stigma attached to persons with various blood borne illnesses and community rebuke and anxiety with regard to issues of sexual conduct. The court found there was no detriment to the defense in conducting the matter via a pseudonym.

"Defendants are already aware of Plaintiff's identity and will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is publicly disclosed. *See Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006) (Go, Mag.) ("Other than the need to make redactions and take measures not to disclose plaintiff's identity, defendants will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers."); *see also Doe v. United Services Life Ins. Co.*, 123 F.R.D. 437 (S.D.N.Y. 1988) (Sweet, J.) (allowing gay plaintiff to proceed pseudonymously and reasoning that defendant will not be harmed because it already knows plaintiff's identity and "it will have full discovery rights as the case progresses, and it will only be barred from using or disclosing the fruits of its discovery for purposes other than the defense of this action."). The public interest also weighs in favor of allowing Plaintiff to proceed anonymously. By requiring Plaintiff to disclose his HIV status, the Court risks "chilling . . . others who face discrimination based on their highly stigmatized characteristics" from seeking judicial relief. *Inst. for Family Health* 2020 U.S. Dist. LEXIS 125293, at *8. Accordingly, both the Defendants' interest and the public's interest point towards allowing Plaintiff to proceed anonymously." Id. (Doe v. St. Vincent's Servs.). The stigma of a sex conviction and SORA registration is a lifelong yoke which inures public condemnation and

11

makes extremely challenging the individual's efforts to move forward beyond the consequences of his or her sentence.

Plaintiff submits that his request to proceed under a pseudonym outweighs [1] prejudice to the opposing party and [2] the public's interest in knowing the party's identity.' _Sealed Plaintiff v. Sealed Defendant_, 537 F.3d 185, 189 (2d Cir. 2008) (quoting _Does I Thru XXIII v. Advanced Textile Corp._, 214 F.3d 1058, 1068 (9th Cir. 2000)); and is not offensive to public policy or the First Amendment.

**Request to Seal the Docket[2] (Please note only certain exhibits are requested to be sealed.)**

"It is well-settled that there exists a common-law right of access to judicial records. _Lugosch v. Pyramid Co. of Onondaga_, 435 F.3d 110, 119 (2d Cir. 2006) ("The common law right of public access to judicial documents is firmly rooted in our nation's history."); _United States v. Erie County_, 763 F.3d 235, 238-39 (2d Cir. 2014) ("The notion that the public should have access to the proceedings and documents of courts is integral to our system of government."); _DiRussa v. Dean Witter Reynolds Inc._, 121 F.3d 818, 826 (2d Cir. 1997); _United States v. Amodeo_, 44 F.3d 141, 145 (2d Cir. 1995) ("_Amodeo I_") ("The common law right of public access to judicial documents is said to predate the Constitution."). It is also "well established that the public and the press have a 'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'" _Lugosch_, 435 F.3d at 120 (quoting _Hartford Courant Co. v. Pellegrino_, 380 F.3d 83, 91 (2d Cir. 2004)). The burden of

---

[2] Excerpted from: Henderson v. Popp, 2022 U.S. Dist. LEXIS 112607 United States District Court for the Northern District of New York June 27, 2022, Decided; June 27, 2022, Filed 9:22-CV-0242 (LEK/ATB)

demonstrating that case records should be sealed rests on the party seeking such action. *See, e.g., DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997). Additionally, the Supreme Court has explained that "the decision as to access [to judicial records] is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978) (citations omitted).

With respect to the common law right of access to judicial documents, the Second Circuit has articulated a three-step process for determining whether such documents should be sealed. First, a court must determine whether "the documents at issue are 'judicial documents'" to which the presumption of access attaches. *Lugosch*, 435 F.3d at 119 (quotation omitted). If so, the court must next determine the weight of the presumption of access. *Id.* "'[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("*Amodeo II*")); *see also Amodeo II*, 71 F.3d at 1048 (explaining the importance of "professional and public monitoring" of the judiciary to its "democratic control" and concluding that "[s]uch monitoring is not possible without access to testimony and documents that are used in the performance of Article III functions").

Finally, after determining the weight of the presumption of access, the court must "balance competing considerations against it." *Lugosch*, 435 F.3d at 120 (quotations and citation omitted). "Such countervailing factors include but are not limited to 'the danger of impairing law

13

enforcement or judicial efficiency' and the privacy interests of those resisting disclosure." *Id.* (quotations and citation omitted).

In addition, in situations in which there exists a qualified First Amendment right of access to the judicial documents at issue, a court may only seal the documents "'if specific, on the record findings are made demonstrating the closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Lugosch*, 435 F.3d at 120 (quoting In re N.Y. Times Co., 828 F.2d 110, 116 (2d Cir. 1987)). "'Broad and general findings by the trial court . . . are not sufficient to justify closure.'" *Id.* (quoting *In re N.Y. Times Co.*, 828 F.2d at 116). "Examples of 'higher values' may include law enforcement interests, the privacy of innocent third parties, . . . and the attorney-client privilege[.]" *Mann v. New York State Ct. of Appeals*, No. 1:21-CV-49 (MAD/CFH), 2021 U.S. Dist. LEXIS 61546, 2021 WL 1224011, at *3-4 (N.D.N.Y. Mar. 31, 2021) (internal quotation marks and citations omitted)." Henderson v. Popp, 2022 U.S. Dist. LEXIS 112607 United States District Court for the Northern District of New York June 27, 2022, Decided; June 27, 2022, Filed 9:22-CV-0242 (LEK/ATB)

Here, plaintiff requests that the Court seal only certain of his exhibits that contain his proper name, the names of individual parole officers, his home address and identifies a child's medical condition. The exhibits are the original filings and letters to meet and confer with defendant; and, their facts are laid out in the body of the complaint in which plaintiff has sought to proceed forward as a pseudonym. Thus, the public will have access to all arguments set forth in the sealed exhibits.

It is submitted for the ten factors assess to proceed as a pseudonym and the protection of his family that the requested exhibits be permitted to be filed under seal. It is submitted that the request for limited sealing meets the most compelling reasons criteria.

February 17, 2023

Submitted most respectfully,

Stacey Richman, Esq.
Richman Hill & Associates, PLLC
2027 Williamsbridge Road
Bronx, New York 10461