UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JOHN DOE,

       Plaintiff,

  -v-                                              No.   23-CV-1827-LTS

TINA M. STANFORD et al.,

       Defendants.

-------------------------------------------------------x

## Order

       Plaintiff brings this action against Tina M. Stanford, in her official capacity as Chairwoman of the New York State Board of Parole, and Anthony Annucci, in his official capacity as Acting Commissioner of the New York State Department of Corrections and Community Supervision, alleging that the conditions of his state-imposed supervised release (and, in particular, the special conditions that attach due to his status as a sex offender)[1] are unlawful under the First and Fourteenth Amendments to the United States Constitution. (See docket entry no. 1.) Now before the Court is Plaintiff's motion to proceed anonymously, in which he requests that the Court permit him to sue under the pseudonym "John Doe," and requests that he be permitted to file certain exhibits to the Complaint under seal. (Docket entry no. 18 (the "Motion").) Defendants oppose the motion, asserting that Plaintiff should not be

---

[1] In 2018, Plaintiff was convicted of Promoting Sexual Performance by a Child (under New York Penal Law § 263.15), and was sentenced to two years of imprisonment followed by ten years of supervised release. (Docket entry no. 1 ("Compl.") ¶ 35.) Due to the nature of this offense, he was required to register as a sex offender with the state of New York. (Id.) He began serving his term of supervised release in 2020. (Id. ¶ 37.)

permitted to proceed anonymously. (Docket entry no. 24 ("Def. Opp.").) The Court has considered carefully the parties' submissions and arguments and, for the following reasons, Plaintiff's Motion is denied.

## DISCUSSION

Rule 10 of the Federal Rules of Civil Procedure provides that "[t]he title of the complaint must name all the parties" (Fed. R. Civ. P. 10(a)), and Rule 17 states that an action "must be prosecuted in the name of the real party in interest" (Fed. R. Civ. P. 17(a)(1)). Accordingly, there is a "strong presumption that litigants must proceed under their true names." Doe v. Black Diamond Cap. Mgmt. LLC, No. 22-CV-03194-PGG-BCM, 2023 WL 2648017, at *2 (S.D.N.Y. Mar. 27, 2023); see also United States v. Pilcher, 950 F.3d 39, 42 (2d Cir. 2020) ("Identifying parties in a proceeding 'is an important dimension of publicness,' as 'people have a right to know who is using their courts.'" (citation omitted)). "District courts have discretion to grant an exception to Rule 10(a)" and allow a plaintiff to proceed anonymously "only where the litigant seeking to proceed anonymously has a substantial privacy interest that outweighs any prejudice to the opposing party and 'the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" Rapp v. Fowler, 537 F. Supp. 3d 521, 526-27 (S.D.N.Y. 2021) (citation omitted). The Second Circuit has developed a "non-exhaustive" list of factors that courts should consider in balancing these interests:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature,
> (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties,
> (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated

>against would be incurred as a result of the disclosure of the
>plaintiff's identity,
>(4) whether the plaintiff is particularly vulnerable to the possible
>harms of disclosure, particularly in light of his age,
>(5) whether the suit is challenging the actions of the government or
>that of private parties,
>(6) whether the defendant is prejudiced by allowing the plaintiff to
>press his claims anonymously, whether the nature of that prejudice
>(if any) differs at any particular stage of the litigation, and whether
>any prejudice can be mitigated by the district court,
>(7) whether the plaintiff's identity has thus far been kept
>confidential,
>(8) whether the public's interest in the litigation is furthered by
>requiring the plaintiff to disclose his identity,
>(9) whether, because of the purely legal nature of the issues
>presented or otherwise, there is an atypically weak public interest
>in knowing the litigants' identities, and
>(10) whether there are any alternative mechanisms for protecting
>the confidentiality of the plaintiff.

Id. (citing Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 189-90 (2d Cir. 2008)).

In making a determination pursuant to this "factor-driven balancing inquiry," a district court need not "list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." Id. Moreover, a plaintiff seeking to proceed anonymously "must base their allegations about these competing interests on more than just mere speculation." Doe v. Weinstein, 484 F. Supp. 3d 90, 93 (S.D.N.Y. 2020) (citation omitted).

In support of his motion, Plaintiff argues that he has a "significant" interest in anonymity, because publication of his name on this lawsuit would highlight and publicize his status as a sex offender, which may result in reputational harm to his spouse, children, and business interests. (Docket entry no. 18-2 at 3.) Defendants primarily argue that Plaintiff has no legitimate interest in anonymity because the fact of his criminal conviction and registration as a sex offender are already matters of public record. (Def. Opp. at 1-2.) Upon consideration of the

ten factors enumerated in Sealed Plaintiff, the Court concludes that Plaintiff has not presented facts and considerations sufficient to overcome the presumption of openness in court proceedings.

The first factor — whether the litigation involves matters of a highly sensitive and personal nature — weighs in favor of allowing Plaintiff to proceed anonymously.  "[A]n individual's status as a convicted sex offender is sensitive and personal information," as there is "undoubtedly some social stigma and embarrassment surrounding" these types of convictions. One Standard of Just., Inc. v. City of Bristol, No. 3:22-CV-00863-SVN, 2022 WL 17688053, at *3 (D. Conn. Dec. 9, 2022) (quoting Pilcher, 950 F.3d at 43).

The second factor — the risk of retaliatory harm to plaintiff or third parties — does not weigh strongly either for or against Plaintiff's request.  Plaintiff submits that publication of his name will highlight his status as a sex offender and will cause his family members "ridicule, embarrassment, and ostracization." (Docket entry no. 18-2 at 4.)  While some courts have held that it is "reasonable to conclude" that disclosure of a sex offender's identity in a civil case "would highlight his [criminal] conviction and could create a risk of retaliation against him and his family," One Standard of Justice, 2022 WL 17688053, at *3, other courts have rejected such claims as "unsubstantiated speculation," especially when (as here) the plaintiff does not provide concrete assertions to support the risk of harm to his family.  See Pilcher, 950 F.3d at 43.

The third factor — whether identification presents other harms — weighs against Plaintiff's request to proceed anonymously.  In support of this factor, Plaintiff again cites the risk of reputational harm to his family, and also asserts that disclosure of his identity to Defendants will risk "the continuation of the violation of plaintiff's constitutional rights" by Defendants. (Docket entry no. 18-2 at 4.)  However, as discussed below (see infra page 6, discussion of factor

seven), Plaintiff's identity has now been known to Defendants for several months, and he has made no assertion[2] that such disclosure has caused further harm to his constitutional rights.  See Doe v. Gerken, No. 3:21-CV-01525-SALM, 2022 WL 167914, at *3 (D. Conn. Jan. 18, 2022) ("If a plaintiff specifically fears retaliation by defendants or their associates, prior disclosure to the defendants of the plaintiff's identity might moot any request for anonymity." (citation omitted)).

    The fourth factor — whether the plaintiff is particularly vulnerable to the harms of disclosure — also weighs against Plaintiff's request to proceed anonymously.  Plaintiff cites his age (61 years old), but has not explained why this age makes him particularly susceptible to reputational harms, as typically "courts have been readier to protect the privacy of infant plaintiffs than of adults."  One Standard of Justice, 2022 WL 17688053, at *4 (citation omitted).

    The fifth factor — whether the suit is challenging actions of the government — weighs in favor of Plaintiff's request to proceed anonymously, as his suit brings a constitutional challenge to the actions of state governmental authorities.  "When a plaintiff attacks a governmental activity . . . the plaintiff's interest in proceeding anonymously is considered 'particularly strong.'"  Id. (citation omitted).

    The sixth factor — whether defendant will be prejudiced by allowing the plaintiff to proceed anonymously — does not weigh strongly either for or against Plaintiff's request.  Defendants assert that they will be prejudiced if they are "not even informed at some stage of the litigation as to the identity of the individual suing them" (Def. Opp. at 1), while Plaintiff asserts that Defendants should already be "aware of plaintiff [as] their supervisee."  (Docket entry no.

---

[2]  The Court notes that Plaintiff failed to file reply papers in response to Defendant's May 26, 2023 opposition papers.

18-2 at 5.) Both of these arguments are moot as Defendants are already aware of Plaintiff's identity. (Def. Opp. at 1.)

The seventh factor — whether the plaintiff's identity has thus far been kept confidential — weighs strongly against Plaintiff's request. As Defendants correctly note, Plaintiff's criminal conviction and his registration as a sex offender in the state of New York are both matters of public record. See Pilcher, 950 F.3d at 41-43 (affirming denial of sex-offender plaintiff's request to proceed anonymously because "during the [underlying] criminal proceeding, [plaintiff's] identity had not been kept confidential" and his conviction was "already in the public domain"). Moreover, Plaintiff's full name has already been disclosed on the public docket in the course of this litigation, in a document filed on May 8, 2023. (See docket entry no 18-2 at 1 (listing Plaintiff's first and last name in caption of Plaintiff's Memorandum of Law).) Defendants advised Plaintiff's counsel of this fact on May 17, 2023 (Def. Opp. at 1), but to date Plaintiff has not taken any steps to have his name removed or redacted. Thus, the fact that Plaintiff's full name has appeared in papers on the public docket for nearly three months weighs strongly against the need for anonymity. See One Standard of Justice, 2022 WL 17688053, at *5 (analyzing the seventh factor in light of "whether Doe's name has thus far been kept confidential for purposes of *this* litigation and whether there is a way for the public information regarding Doe's previous conviction 'to be linked to him in this lawsuit'" (citation omitted)).

The eighth and ninth factors — regarding the extent of the public's interest in disclosure of the plaintiff's identity — does not weigh strongly either for or against Plaintiff's request. Plaintiff correctly notes that the public has a lesser interest in knowing a plaintiff's identity when a lawsuit involves broad constitutional challenges to a widely-applicable governmental policy. See id. at *6 (noting that "in cases where a plaintiff challenges the

constitutionality of a public policy, courts have founds that the issues presented are 'purely legal' in nature" and thus the public has a lesser "interest in learning the plaintiff's identity"); but see Gerken, 2022 WL 167914, at *3 (noting that the public has a greater interest in a litigant's identity where the case involves "particular actions and incidents" as opposed to "abstract challenges to public policies," as an open proceeding will "serve the judicial interest in accurate fact-finding and fair adjudication").  Here, while Plaintiff's lawsuit does involve some purely legal challenges to the constitutionality of state supervised release policies (see Compl. ¶ 95-117), it also involves some challenges to the fact-specific actions of his parole officer (e.g., the denial of Plaintiff's requests to travel to visit his father).  (See Compl. ¶ 138-44.)

Finally, the tenth factor — whether there are alternative mechanisms to protect the plaintiff's identity — weighs against Plaintiff's request for anonymity, as the only alternative mechanism that Plaintiff has suggested is a partial redaction of his name, which would not serve the public interest to the same extent as disclosure of his full name.  (Docket entry no. 18-2 at 6.)

In sum, although Plaintiff's status as a sex offender is a sensitive matter, on balance Plaintiff has not demonstrated that anonymity is merited — primarily because Plaintiff's full name has already appeared in papers on the public docket in this case for nearly three months.  The Motion to proceed anonymously is denied.

Plaintiff also seeks permission to file under seal certain exhibits, including "exhibits that contain his proper name, the names of individual parole officers, his home address, and [exhibits which] identif[y] a child's medical condition."  (Docket entry no. 18-2 at 10.)  In order to overcome the presumption of access to judicial documents and justify sealing, a plaintiff must demonstrate that sealing is "essential to preserve higher values" such as the privacy of innocent third parties or law-enforcement interests, and that the requested sealing is "narrowly

tailored to serve" those values.  <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 120 (2d Cir. 2006).  To the extent that Plaintiff seeks to seal entire exhibits simply because they mention his full name, such requests are denied for the reasons discussed above.  The Court likewise denies Plaintiff's overly-broad request to seal entire exhibits simply because they make mention of some sensitive information.  Plaintiff will, however, be permitted to redact from the filing on the public docket those portions of documents that comprise any of the categories of sensitive information set out in Federal Rule of Civil Procedure 5.2.  Plaintiff may, in addition, request permission within 14 days to make further redactions by providing the Court with full electronic copies of the exhibits which he seeks to file under seal, indicating with highlighting which portions of those exhibits he seeks to redact on the public docket.

## Conclusion

The Motion to proceed anonymously is denied.  Plaintiff shall refile his materials in this case (except for the exhibits referred to in the following sentence) on the public docket using his full name within 7 days of the entry of this Order.  With 14 days of the entry of this Order, Plaintiff shall submit his request for approval of redactions from certain exhibits and for sealing of unredacted versions of the exhibits, as set forth above.  Docket entry no. 18 is resolved.

SO ORDERED.

Dated: New York, New York
August 7, 2023

    /s/   Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge