UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SANFORD COHEN,

       Plaintiff,

  -v-                                                      No.   23-CV-1827-LTS-SDA

DARRYL C. TOWNS, in his official capacity
as Chairman of the New York Board of
Parole, et al.,

       Defendants.

-------------------------------------------------------x

## Order for Supplemental Briefing

Pending before the Court is Plaintiff Sanford Cohen's second motion for a preliminary injunction concerning Defendants' interpretation and application of the New York Sexual Assault Reform Act ("SARA") (docket entry no. 110 (the "Motion").)  The Court requires supplemental briefing concerning several of the factual and legal disputes presented in the Motion.

The parties are directed to promptly meet and confer, and to file a joint report setting forth their joint—or, to the extent necessary, respective—positions on the following issues.  Such report must be filed by **March 18, 2025**.  To the extent the parties dispute any of the factual premises of their respective positions, each party must file a declaration proffering facts that it believes are material to the disputed position.

1. Defendants argue that the restriction imposed by SARA will only continue for "several additional months" (docket entry no. 116 ("Defs. Mem.") at 2-3), whereas Plaintiff appears to argue that the restriction will continue until "the year 2040" (docket entry no. 112 ("Pl. Mem.") at 20).  Will the SARA geographical restriction on

Plaintiff's residential opportunities continue beyond Plaintiff's term of post-release supervision, and, if so, pursuant to what law?

2. Defendants argue that the initial approval of Plaintiff's home residence as SARA-compliant was apparently the result of a prior parole officer's incorrect use of the "CIRIS" program. (Docket entry no. 118 ("Castro Decl.") ¶ 6.) Plaintiff's counsel asserts that the Department of Corrections and Community Supervision informed her that Plaintiff's residence was subsequently determined to be non-compliant with SARA as a result of the CIRIS software being "tweaked" or updated. (Docket entry no. 120 ("Richman 2nd Decl.") ¶¶ 2-7.) Was the CIRIS software in fact "tweaked" or updated sometime prior to November 2021, such that it provided a different measurement of Plaintiff's residence from the nearest "school grounds," as that term is defined in New York Penal Law section 220.00(14)?

3. Defendants argue that Plaintiff's residence is within 1,000 feet of statutorily-defined "school grounds," measured from the front door of Plaintiff's residence to the grounds of the "Village Community School," as defined by tax records. (Castro Decl. ¶¶ 6-7; docket entry no. 117 ("Tucker Decl.") ¶¶ 7-8). Plaintiff appears to dispute that this calculation is accurate. (See docket entry no. 121 ("Pl. 2nd Decl.") ¶ 7.) Defendants must provide a declaration identifying the precise methodology employed by Defendants and the CIRIS program to calculate the distance between Plaintiff's residence and the nearest "school grounds." Specifically, is any structure or land of the relevant school within 1,000 feet of Plaintiff's residence, see N.Y. PENAL LAW § 220.00(14)(a), or is a school-adjacent "area accessible to the public" within 1,000 feet of Plaintiff's residence, see id. § 220.00(14)(b)? If the latter, how have Defendants

calculated an "area accessible to the public" with respect to the "Village Community School"? To the extent that Defendants can include a more precise image of the distance mapping than is proffered in Exhibit B of the Tucker Declaration, Defendants are directed to do so.

4. Defendants do not appear to respond to Plaintiff's assertion that the SARA restriction unlawfully restricts his First Amendment rights. Defendants are directed to set forth their position as to the merits of this claim, including specifying the legal standard that Defendants believe governs analysis of the claim.

SO ORDERED.

Dated: New York, New York
      February 25, 2025

    /s/   Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge