UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

SANFORD COHEN,

       Plaintiff,

  -v-                                                        No.   1:23-CV-01827-LTS-SDA

DARRYL C. TOWNS, in his official capacity
as Chairman of the New York Board of
Parole, et al.,

       Defendants.

-------------------------------------------------------x

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Sanford Cohen's motion for reconsideration (docket entry no. 155) of the Court's May 13, 2025 Memorandum Opinion and Order, in which the Court denied Plaintiff's second motion for a preliminary injunction concerning Defendants' interpretation and application of the New York Sexual Assault Reform Act ("SARA") (docket entry no. 152 ("May Order")).

The Court has carefully reviewed Plaintiff's submission (docket entry no. 156 ("Pl. Mem.")) and, for the following reasons, denies the Motion in its entirety.

## DISCUSSION

"Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Montanile v. Nat'l Broad. Co., 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) (citation and internal quotation marks omitted). To prevail on a motion for reconsideration under Local Rule 6.3, the movant must point to an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Lima LS PLC v. Nassau

Reinsurance Grp. Holdings, L.P., 160 F. Supp. 3d 574, 577 (S.D.N.Y. 2015) (quoting Virgin Atl. Airways Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).  A motion for reconsideration does not serve as "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple[.]"  Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted). To the contrary, reconsideration is not warranted "unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

In his briefing, Plaintiff reiterates arguments previously made that the Court previously considered in connection with his second motion for preliminary injunction.[1] Plaintiff's disagreement with the Court's resolution of these arguments is not a basis for reconsideration of its May Order.  The Court therefore declines to reconsider its rulings.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is denied in its entirety.

---

[1] In reiterating his argument that his constitutional rights were violated, Plaintiff asserts that the Court "misinterpret[ed] Plaintiff's position in that he argues SARA is vague both facially and as applied" (Pl. Mem. at 11), yet premises his argument on the rationale previously considered by the Court. (Compare id. at 12 ("The arbitrary and discriminatory enforcement of SARA as the Defendants interpret it is belied by . . ." (emphasis added)), with docket entry no. 112 at 18 ("The law is thus vague as it is interpreted not as written[.]"); see also May Order at 17 n.11); Field Day, LLC v. Cnty. of Suffolk, 463 F.3d 167, 174-75 (2d Cir. 2006) (explaining the difference between a facial and as-applied challenge, i.e., that "[a] 'facial challenge' to a statute considers only the text of the statute itself" (emphasis added)).  The Court, having thoroughly considered all of Plaintiff's arguments and the text of the statute in rendering its May Order, finds no proper ground for reconsideration of that Order in any respect.

This Memorandum Order resolves docket entry nos. 155-56.

SO ORDERED.

Dated: New York, New York
June 2, 2025

                                                                       /s/ Laura Taylor Swain
                                                                       LAURA TAYLOR SWAIN
                                                                       Chief United States District Judge